# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **ANITA BERRY,** | ) |
| **PLAINTIFF,** | ) |
| V. | ) CIVIL ACTION NUMBER: |
| **PHILLIPS & COHEN ASSOCIATES INC,** | ) |
| | ) JURY TRIAL DEMANDED |
| **DEFENDANT.** | ) |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Anita Berry by and through the undersigned counsel, and for her Complaint states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 15 U.S.C. § 1692k(d). Venue is proper in that the Defendant transacted business in this district and the Plaintiff resides in this district.

## PARTIES

2. The Plaintiff is a resident and citizen of the State of Alabama, Etowah County, and is over the age of twenty-one (21) years. Plaintiff is a consumer as that term is defined by the FDCPA. The alleged debt was accrued for personal, family, or household purposes.

3. The Defendant, Phillips & Cohen Associates Inc ("P&C"), is foreign entity formed in New Jersey. Defendant P&C was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State. Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

4. All events herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

5. On or about October 31, 2018, Defendant P&C began collection efforts against the Estate of Robert D Berry regarding a personal debt.

6. The letter was addressed to Plaintiff's post office box in Fort Payne, Alabama.

7. In response, Plaintiff turned the letter over to her attorney and the attorney informed Defendant P&C in writing that there was no estate open for Robert D. Berry and that there are no assets.

8. After receiving the letter from Plaintiff's attorney, Defendant P&C continued to attempt to collect the late Mr. Berry's debt from Plaintiff.

9. On at least one occasion, in a letter dated February 15, 2019, Defendant P&C attempted to collect the estate debt from Plaintiff by a dunning letter sent to Plaintiff via her attorney.

10. The letter states in part that their records indicate that Plaintiff, and/or her attorney, are the authorized party for the estate and requested the debt be paid.

11. This letter was misleading and deceptive since no estate existed and Defendant P&C was made aware no estate existed.

## COUNT ONE
## NEGLIGENCE

12. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

13. Defendant P&C knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

14. Defendant P&C knew or should have known that said conduct was improper.

15. Defendant P&C negligently failed to prevent and/or participated in improper collection activities.

16. As a result of the Defendant's negligence, the Plaintiff suffered mental anguish and related physical damage.

## COUNT TWO
## RECKLESSNESS AND WANTONNESS

17. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

18. Defendant P&C knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

19. Defendant P&C knew or should have known that said conduct was improper.

20. Defendant P&C recklessly and wantonly failed to prevent and/or participated in improper collection activities.

21. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered mental anguish and related physical damage.

## COUNT THREE
## FAIR DEBT COLLECTION PRACTICES ACT

22. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

23. Defendant P&C has engaged in collection in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*. These activities include attempting to collect a debt from a non-obligated party and the misleading nature of the dunning letter.

24. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, actual damages, and punitive damages.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands a judgment against the Defendants as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA, and state law;

B. Statutory damages;

C. Compensatory, actual and punitive damages;

D. Costs and reasonable attorney's fees;

E. Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/S/ JOHN C. HUBBARD
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com